# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ecolab USA Inc. and Kleancheck Systems, LLC,<br><br>                    Plaintiffs,<br><br>v.<br><br>Diversey, Inc.,<br><br>                    Defendant. | Case No. 12-CV-1984 (SRN/FLN)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Anthony R. Zeuli, Rachel K. Zimmerman, Eric R. Chad, Annaliese S. Mayer, and Paige S. Stradley, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, for Plaintiffs.

Allen A. Arntsen, Naikang Tsao, and Stephan J. Nickels, Foley & Lardner LLP, 150 East Gilman Street, Suite 5000, Madison, Wisconsin 53703, for Defendant.

Kimberly K. Dodd and R. Jan Pirozzolo-Mellowes and, Foley & Lardner LLP, 777 East Wisconsin Avenue, Milwaukee, Wisconsin 53202, for Defendant.

Andrew M. Gross, Foley & Lardner LLP, 321 North Clark Street, Suite 2800, Chicago, Illinois 60654, for Defendant.

George W. Soule, Soule & Stull LLC, Eight West 43rd Street, Suite 200, Minneapolis, Minnesota 55409, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

Before the Court are eight Motions in Limine filed by Plaintiffs Ecolab USA Inc. and

Kleancheck Systems, LLC [Doc. Nos. 248, 255, 263, 268, 279, 289, 297, 303], and six

Motions in Limine filed by Defendant Diversey, Inc. [Doc. Nos. 249, 274, 288, 310, 313,

321].  The Court held a pre-trial conference in this matter on May 12, 2015.  For the reasons

set forth below, the Court grants in part, denies in part, denies as moot in part, and defers

ruling on in part, the pending Motions.

## II.      DISCUSSION

### A.      Legal Standards

"'A district court enjoys wide discretion in ruling on the admissibility of proffered

evidence . . . .'"  <u>Farrington v. Smith</u>, 707 F.3d 963, 969 (8th Cir. 2013) (quoting <u>Quigley v.</u>

<u>Winter</u>, 598 F.3d 938, 946 (8th Cir. 2010)).  In this case, the parties have moved to exclude

several pieces of evidence as irrelevant and prejudicial.  Under Federal Rule of Evidence

401, "[e]vidence is relevant if:  (a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining the

action."  Fed. R. Evid. 401.  To determine whether evidence is relevant, the Court looks first

to what must be proven at trial and then asks whether the evidence in question tends to

support or refute one of those issues.  <u>See</u> <u>United States v. McCorkle</u>, 688 F.3d 518, 521

(8th Cir. 2012).  Under Rule 402, evidence that is not relevant is not admissible.  Fed. R.

Evid. 402.  And, Rule 403 provides that "[t]he court may exclude relevant evidence if its

probative value is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

**B.    Plaintiffs' Motions in Limine**

**1.    Motion to preclude Defendant from introducing evidence, testimony, or argument relating to the <u>ex parte</u> reexamination of U.S. Patent No. 7,785,109**

In their first Motion in Limine, Plaintiffs seek to preclude evidence, testimony, or argument regarding the <u>ex parte</u> reexamination of U.S. Patent No. 7,785,109 [Doc. No. 248].  Defendant does not oppose this Motion.  (Def.'s Resp. to Pls.' Mot. to Preclude Def. From Introducing Evid., Testimony, or Argument Relating to the <u>Ex Parte</u> Reexam. of U.S. Patent No. 7,785,109 [Doc. No. 332] at 1.)  Accordingly, this Motion is denied as moot.

**2.    Motions to preclude Defendant from introducing evidence testimony, or argument comparing the accused product to preferred embodiments or commercial embodiments, relating to the prosecution histories of the Patents-in-Suit, and relating to prior art that was not disclosed as a basis for Defendant's invalidity contentions**

In their second Motion in Limine, Plaintiffs seek to preclude Defendant from introducing evidence, testimony, or argument comparing the accused product to the preferred or commercial embodiments of the Patents-in-Suit as irrelevant because the accused product instead should be compared to the relevant patent claims as construed by the Court.  (Pls.' Mem. of Law in Supp. of Their Mot. to Preclude Def. From Introducing Evid., Testimony, or Argument Comparing the Accused Product to Preferred Embodiments or Commercial Embodiments [Doc. No. 258] at 1.)  In their third Motion in Limine, Plaintiffs seek to preclude Defendant from introducing evidence, testimony, or argument relating to the prosecution histories of the Patents-in-Suit on the basis that such evidence is not relevant to the issues remaining in this case and would confuse the jury.  (Pls.' Mem. of

3

Law in Supp. of Their Mot. to Preclude Def. From Introducing Evid., Testimony, or

Argument Relating to the Prosecution Histories of the Patents-in-Suit [Doc. No. 265] at 1.)

And, in their fourth Motion in Limine, Plaintiffs seek to preclude Defendant from

introducing evidence, testimony, or argument relating to prior art that was not disclosed as a

basis for Defendant's invalidity contentions on the grounds that such evidence is irrelevant

and prejudicial.  (Pls.' Mem. of Law in Supp. of Their Mot. to Preclude Def. From

Introducing Evid., Testimony, or Argument Relating to Prior Art That Was Not Disclosed

as a Basis for Def.'s Invalidity Contentions [Doc. No. 270] at 1, 4.)

In response to these Motions, Defendant argues that the challenged evidence is

relevant to the issue of Defendant's good-faith belief of non-infringement, which is a

defense to claims of indirect infringement and willfulness.  (Def.'s Resp. to Pls.' Mot. to

Preclude Def. From Introducing Evid., Testimony, or Argument Comparing the Accused

Product to Preferred Embodiments or Commercial Embodiments [Doc. No. 333] at 1;

Def.'s Resp. to Pls.' Mot. to Preclude Def. From Introducing Evid., Testimony, or

Argument Relating to the Prosecution Histories of the Patents-in-Suit [Doc. No. 336] at 2;

Def.'s Resp. to Pls.' Mot. to Preclude Def. From Introducing Evid., Testimony, or

Argument Relating to Prior Art That Was Not Disclosed as a Basis for Def.'s Invalidity

Contentions [Doc. No. 337] at 1.)  In particular, Defendant asserts that it intends to

introduce testimony that Defendant relied on opinions of legal counsel regarding both

Patents-in-Suit, in which counsel discussed the specifications (including the embodiments)

and prosecution histories of the Patents and the prior art and opined that the VeriClean

System does not infringe the Patents.  (Def.'s Resp. to Pls.' Mot. to Preclude Def. From

Introducing Evid., Testimony, or Argument Comparing the Accused Product to Preferred

Embodiments or Commercial Embodiments [Doc. No. 333] at 3; Def.'s Resp. to Pls.' Mot.

to Preclude Def. From Introducing Evid., Testimony, or Argument Relating to the

Prosecution Histories of the Patents-in-Suit [Doc. No. 336] at 3; Def.'s Resp. to Pls.' Mot.

to Preclude Def. From Introducing Evid., Testimony, or Argument Relating to Prior Art

That Was Not Disclosed as a Basis for Def.'s Invalidity Contentions [Doc. No. 337] at 2–3.)

Defendant also intends to introduce the actual written opinions.  In addition, Defendant

argues that the prosecution histories of the Patents-in-Suit are relevant to invalidity and

secondary considerations of nonobviousness.  (Def.'s Resp. to Pls.' Mot. to Preclude Def.

From Introducing Evid., Testimony, or Argument Relating to the Prosecution Histories of

the Patents-in-Suit [Doc. No. 336] at 3–8.)

The Court will report to the parties its decision on these Motions prior to trial on

May 18, and will subsequently issue a written order.

### 3. Motion to preclude Defendant from introducing evidence, testimony, or argument relating to noninfringing substitutes only available outside the United States

In their fifth Motion in Limine, Plaintiffs seek to preclude evidence, testimony, or

argument regarding noninfringing alternatives available only outside of the United States

[Doc. No. 279].  Defendant does not oppose this Motion.  (Def.'s Resp. to Pls.' Mot. to

Preclude Def. From Introducing Evid., Testimony, or Argument Relating to Noninfringing

Substitutes Available Only Outside the U.S. [Doc. No. 338] at 1.)  Accordingly, this Motion

is denied as moot.

### 4.      Motion to preclude Defendant from introducing evidence, testimony, or argument relating to Defendant's own patents or patent applications

In their sixth Motion in Limine, Plaintiffs seek to preclude evidence, testimony, or argument regarding Defendant's own patents or patent applications [Doc. No. 289]. Defendant does not oppose this Motion.  (Def.'s Resp. to Pls.' Mot. to Preclude Def. From Introducing Evid., Testimony, or Argument Relating to Def.'s Own Patents or Patent Applications [Doc. No. 339] at 1.)  Accordingly, this Motion is denied as moot.

### 5.      Motion to preclude Defendant from re-arguing claim construction to the jury

In their seventh Motion in Limine, Plaintiffs seek to preclude Defendant from arguing issues of claim scope to the jury.  (Pls.' Mem. of Law in Supp. of Their Motion to Preclude Def. From Re-arguing Claim Construction to the Jury [Doc. No. 300] at 1.)  In particular, Plaintiffs are concerned that Defendant will attempt to present evidence and argument designed to encourage the jury to add limitations to the scope of the claim terms "contiguous amount," "discrete," and "target site(s)" that are contrary to the Court's construction of the claims in its Claim Construction Order and to the Court's clarification of its constructions in its Summary Judgment Order.  (Id. at 1–2.)  Plaintiffs argue that claim construction is a matter of law for the Court and that allowing such evidence and argument will confuse the jury.  (Id. at 3–5.)  Accordingly, Plaintiffs request that the Court add clarifying language to its claim constructions as follows:

| Term | Construction | Clarification |
|------|-------------|---------------|
| "contiguous amount" | "a quantity, the entirety of which is touching" | "a quantity [of transparent indicator material] the entirety of which is touching even if additional quantities of material are not touching" |
| "discrete" | "distinct; separate" | "distinct; separate (i.e., target sites that do not touch or overlap)" |
| "target site(s)" | Plain meaning | Plain meaning, and "the Court has determined that there is no specific size or dimensional restriction on what may qualify as a target site, provided the material does not cover all or nearly all of the environmental surface, and that there is no requirement in the claims that the location of the target site be a specific predetermined location" |

(Id. at 5–6 (citing Claim Construction Order [Doc. No. 69] at 25–26, 30, 35–36); Summary

Judgment Order [Doc. No. 227] at 17–18, 20, 24–26, 29).)

Defendant argues that Plaintiffs' Motion should be denied because Plaintiffs are

seeking an amendment of the Court's claim construction.  (Def.'s Resp. to Pls.' Mot. to

Preclude Def. From Re-arguing Claim Construction to the Jury [Doc. No. 340] at 1.)

Defendant asserts that it will abide by the Court's Claim Construction Order and that

Plaintiffs' mere speculation to the contrary is an improper basis for adding language to the

Court's claim constructions.  (Id. at 1–4.)  Defendant further argues that Plaintiffs' proposed

additional language is contrary to the Court's reasoning in its Claim Construction Order and

would confuse the jury.  (Id. at 4–5.)  Pursuant to the Court's request at the pre-trial

conference, Defendant submitted a letter specifically responding to Plaintiffs' proposed

clarifications.  Defendant maintained that neither "contiguous amount" nor "discrete" should receive clarifying language but proposed the following language for "target site(s)": "A target site is not 'all or nearly all' of an environmental surface, nor 'a rather large surface area.'"  (Letter dated May 13, 2015 [Doc. No. 363] at 3–4 (citing Claim Construction Order at 5, 7, 9, 28, 30).)

The Court finds that clarification of the terms "contiguous amount" and "target site(s)" is appropriate given the apparent lack of clarity of its construction of those terms in the Claim Construction Order as evidenced by the parties' repeated debate over the scope of those terms both at summary judgment and in the context of the <u>Daubert</u> motions.  The Court explained its constructions in its Summary Judgment and <u>Daubert</u> Orders, and the language Plaintiffs propose to add to the description of "contiguous amount" and "target site(s)" merely repeats the Court's explanation in those Orders and states what the Court means—and has always meant—in its construction of those terms.  Therefore, the Court will add Plaintiffs' proposed language relating to those terms.  As for "discrete," however, this Court finds that no further clarification is necessary.  Accordingly, this Motion is granted in part and denied in part.

### 6.    Motion to preclude Defendant from introducing at trial the deposition testimony of Mr. Warren P. Heim

In their final Motion in Limine, Plaintiffs seek to preclude Defendant from introducing the deposition testimony of their spray test expert, Warren P. Heim.  (Pls.' Mem. of Law in Supp. of Their Mot. to Preclude Def. From Introducing at Trial the Depo. Testimony of Mr. Warren P. Heim [Doc. No. 305] at 1.)  According to Plaintiffs, Defendant

has acknowledged that both Plaintiffs' and Defendant's experts' spray tests produced the same results and so use of Mr. Heim's testimony to challenge his methodology would serve no legitimate purpose. (Id. at 2.) Plaintiffs contend that, in light of the Court's Summary Judgment Order, there is no longer a dispute that the spray pattern of Defendant's VeriClean System produces a "contiguous amount" of transparent indicator material, rendering Mr. Heim's opinion to that effect unnecessary. (Id. at 1–2.)

Defendant, on the other hand, argues that there are factual disputes regarding the size and appearance of the VeriClean System's spray pattern and that Mr. Heim's testimony regarding the spray pattern is relevant to those disputes. (Def.'s Resp. to Pls.' Mot. to Preclude Def. From Introducing at Trial the Depo. Testimony of Mr. Warren P. Heim [Doc. No. 334] at 4.) Defendant further asserts that the fact that Mr. Heim's testimony may corroborate Defendant's expert's testimony does not render Mr. Heim's testimony cumulative or confusing. (Id.)

At the pre-trial conference, the parties agreed to meet and confer and draft a joint summary of Mr. Heim's deposition testimony that could be presented to the jury. The parties, however, were unable to reach an agreement, apparently due to a dispute about Plaintiffs' ability to present to the jury certain of the deposition exhibits. (See Letter dated May 15, 2015 [Doc. No. 366] at 1.) Accordingly, Plaintiffs expressed their willingness to bring Mr. Heim to testify live at trial. (Id. at 1.) The Court notes its disappointment that the parties were unable to reach an agreement on this issue—all of the deposition exhibits will be presented to the jury whether Mr. Heim testifies live or his deposition testimony is read into the record. This Motion is denied as moot.

9

### C.      Defendant's Motions in Limine

#### 1.      Motion to exclude any evidence, argument, or expert testimony that Ecolab's EnCompass System practices or is covered by the asserted patents

In its first Motion in Limine, Defendant seeks to preclude Plaintiffs from offering any evidence, argument, or expert testimony that Ecolab or its customers practice the methods claimed in the Patents-in-Suit.  (Mem. of Law in Supp. of Def.'s Mot. in Limine (No. 1) to Exclude Any Evid., Argument, or Expert Testimony That Ecolab's EnCompass System Practices or is Covered by the Asserted Patents [Doc. No. 261] at 2.)  Defendant contends that, despite discovery requests on this issue, Plaintiffs have failed to produce any admissible evidence that Ecolab's EnCompass system practices the Patents-in-Suit.  (Id. at 2, 5–6.)  In particular, Defendant points to the following response to an interrogatory seeking identification of the products or processes that Plaintiffs contend are covered by any of the claims of the Patents-in-Suit:

> "Ecolab further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege or that evidences litigation work product and is otherwise not discoverable. . . . Ecolab further objects to this interrogatory to the extent it seeks a claim by claim analysis . . . of Ecolab's own commercial embodiment.  Undertaking such analysis would be unduly burdensome and have no relevance to any claim or defense in this action. . . . Ecolab identifies Ecolab's En[C]ompass program and Diversey's VeriClean System (and associated products) as products covered by the patents in suit. . . . Ecolab's Protect program, and associated products and services, was first offered in approximately 2009; Ecolab's EnCompass program, and associated products and services (including the DAZO fluorescent gel), was launched in February of 2010."

(Id. at 2–3 (quoting Gross Decl., Exs. 1 & 2).)  Defendant also asserts that Plaintiffs' Rule 30(b)(6) deposition designees demonstrated that they had no personal knowledge of whether

any of Plaintiffs' products practice the claims of the Patents-in-Suit.  (See id. at 3–5.)  In any event, Defendant argues, Ecolab's EnCompass product cannot be covered by the Patents-in-Suit because all of the asserted claims require the use of a "non-contact applicator," whereas the EnCompass product uses a contact applicator.  (Id. at 7.)  In addition to this purported lack of admissible evidence, Defendant argues that Plaintiffs have maintained that the information requested by Defendant is not relevant—both in their interrogatory response and in their liability expert's failure to discuss practicing of the claimed invention as evidence of commercial success in his nonobviousness analysis—and so cannot now be permitted to rely on the requested information.  (Id. at 8.)

In opposition, Plaintiffs argue that whether the EnCompass system practices or is covered by the Patents-in-Suit is relevant to the issue of secondary considerations of nonobviousness (which require a nexus to the claimed invention) and is a question of fact for the jury.  (Pls.' Mem. in Opp. to Def.'s Mot. in Limine (No. 1) to Exclude Any Evid., Argument, or Expert Testimony that Ecolab's EnCompass System Practices or is Covered by the Asserted Patents [Doc. No. 341] at 1, 5.)  Plaintiffs assert that they disclosed their contention that the system is covered by the Patents-in-Suit in response to Defendant's interrogatory and objected on relevance grounds only to the extent that Defendant requested a claim-by-claim analysis of infringement by products other than the accused products, which Plaintiffs are not required to provide because Plaintiffs need not prove that the EnCompass system is covered by every claim of the Patents-in-Suit.  (Id. at 2–3.)  Plaintiffs assert that Defendant never requested more detail and that they provided over 70,000 pages of documents relating to the system and the DAZO fluorescent gel.  (Id. at 1, 3.)  Finally,

11

Plaintiffs state that their liability expert was not required to present testimony on the issue of commercial success because secondary considerations of obviousness may be established through fact witnesses and documents. (Id. at 5 n.3.)

The Court agrees with Plaintiffs.  Defendant was made aware of Plaintiffs' belief that the EnCompass system was covered by the Patents-in-Suit at least through their answer to Defendant's interrogatory and, as Plaintiffs have noted, they were not required to provide a claim-by-claim analysis of the EnCompass system.  See Morpho Detection, Inc. v. Smiths Detection, Inc., 957 F. Supp. 2d 655, 674 n.22 (E.D. Va. 2013) (rejecting the argument that the patentee, through its expert, "was required by law to provide the equivalent of a claim by claim infringement analysis prior to [the expert] offering the opinion that [the patentee's] product was an embodiment of [its] own patent").  And, while it is true that whether the EnCompass system practices the Patents-in-Suit is relevant to secondary considerations of nonobviousness, such as commercial success, see J.T. Eaton  Co. v. Atl. Paste & Glue Co., 106 F.3d 1563, 1571 (Fed. Cir. 1997) ("[The patentee] cannot demonstrate commercial success, for purposes of countering the challenge of obviousness, unless it can show that the commercial success of the product results from the claimed invention."), Plaintiffs were not required to obtain an expert opinion on that issue, see Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling U.S., Inc., 699 F.3d 1340, 1350 (Fed. Cir. 2012) (finding "sufficient evidence of both commercial success and nexus to the features of the claimed invention" as presented through contracts and an employee's testimony).  Rather, whether Ecolab's EnCompass system practices the Patents-in-Suit (including, for example, whether the EnCompass system uses a non-contact applicator) is a question for the jury that can be

established through fact witnesses and documents (including, for example, the testimony of

Dr. Carling relied upon by Plaintiffs in which he states that the EnCompass System utilizes

a non-contact applicator).  See id.  Accordingly, this Motion is denied.

### 2. Motion to exclude any evidence, argument, or expert testimony that Defendant copied Ecolab's EnCompass (DAZO) System, Ecolab's promotional materials, or the Patents-in-Suit

In its second Motion in Limine, Defendant seeks to preclude Plaintiffs from offering

any evidence, argument, or expert testimony that Defendant copied Ecolab's EnCompass

system, promotional literature, or the Patents-in-Suit.  (Mem. of Law in Supp. of Def.'s

Mot. in Limine (No. 2) to Exclude Any Evid., Argument, or Expert Testimony That Def.

Copied Ecolab's EnCompass (DAZO) System, Ecolab's Promotional Materials, or the

Patents-in-Suit [Doc. No. 285] at 2.)  Defendant argues that evidence of copying is not

relevant to infringement and is relevant to secondary considerations of nonobviousness,

inducement, and willfulness only if the thing being copied is the patented invention.  (Id.)

According to Defendant, Plaintiffs have not presented evidence that the EnCompass System

is covered by the Patents-in-Suit because it uses a contact (rather than non-contact)

applicator and, "[b]ecause there is no evidence that [Defendant] copied any specific product

covered by the patents-in-suit, Plaintiffs cannot demonstrate the required nexus between the

merits of the patented invention and any alleged copying."  (Id. at 3.)  In addition,

Defendant argues, because copying of a specific product is the only relevant consideration,

evidence or argument that Defendant obtained and copied Plaintiffs' promotional materials

and pricing information is irrelevant and would risk confusing the jury by creating an

inference of actual copying.  (See id. at 5–8.)

13

Plaintiffs, on the other hand, assert that when a method patent is at issue, only evidence of copying of "the claimed invention or a system or process that embodies the same"—rather than a specific product—is required. (Pls.' Mem. in Opp. to Def.'s Mot. in Limine (No. 2) to Exclude Any Evid., Argument, or Expert Testimony That Def. Copied Ecolab's EnCompass (DAZO) System, Ecolab's Promotional Materials, or the Patents-in-Suit [Doc. No. 344] at 2–3.) According to Plaintiffs, they have sufficient evidence demonstrating that Defendant copied the patented method and embodiments thereof, such as an email between Defendant's employees discussing the Ecolab EnCompass program and attaching samples of cleanliness results generated by the EnCompass program and the EnCompass Program's Monitoring Instructions. (Id. at 1–3.) Plaintiffs argue that the jury should be allowed to consider this evidence to determine whether Defendant copied the patented methods. (Id. at 1, 4–5.)

The Court finds that the challenged evidence is relevant and is not properly excluded from the jury. First, whether the EnCompass system is covered by the Patents-in-Suit is a matter for the jury to determine based on the Court's claim construction, just as is the issue of whether the accused VeriClean System is covered by the Patents-in-Suit. Second, evidence of copying of a claimed invention may be found in internal documents, such as Defendant's emails. See Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc., 344 F.3d 1186, 1196–97 (Fed. Cir. 2003) ("[The defendant's] redesign process was documented in the record in internal emails from [the defendant's] engineers discussing [the plaintiffs'] approach, identifying weaknesses in [the defendant's] approach, and ultimately deciding to switch to the [plaintiffs'] system."). And, it is the role of the jury—and not the Court—to

weigh and evaluate that evidence.  <u>Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc.</u>, 75

F.3d 1568, 1574 (Fed. Cir. 1996) (stating that it is within the province of the jury to evaluate

evidence of secondary considerations of nonobviousness, such as evidence of copying).

Accordingly, this Motion is denied.

### 3.  Motion to exclude Plaintiffs from offering any evidence, argument, or expert testimony regarding any secondary considerations of non-obviousness

In its third Motion in Limine, Defendant seeks to preclude Plaintiffs from offering

evidence, argument, or expert testimony of secondary considerations of nonobviousness on

the basis that there is no nexus between the claimed invention and those secondary

considerations.  (Mem. of Law in Supp. of Def.'s Mot. in Limine (No. 3) to Exclude Pls.

From Offering Any Evid., Argument, or Expert Testimony Regarding Any Secondary

Considerations of Non-obviousness [Doc. No. 296] at 2–3.)  In particular, Defendant argues

that Plaintiffs' expert defined the secondary consideration of "long-felt need" as the inability

to reduce the incidence of healthcare associated infections ("HAIs"), but that there is no

actual claim limitation to that effect in the patented methods.  (<u>Id.</u> at 3–5.)  Similarly, as to

the "failure of others" consideration, Defendant asserts that Plaintiffs' expert's opinion is

faulty because he opines only that other methods of monitoring cleaning were unable to

significantly reduce the incidence of HAIs, whereas the relevant inquiry is whether others

failed to develop a method that applies a transparent indicator material to a discrete target

site with a non-contact applicator.  (<u>Id.</u> at 5.)  Regarding "praise by others," Defendant

argues that Plaintiffs' expert discusses only praise for the inventor's research in general as

opposed to praise for the patented methods.  (<u>Id.</u>)  As for "licensing," Defendant argues that

Ecolab's decision to license the Patents-in-Suit and to hire the inventor as a consultant must have been for reasons other than the claimed features of the Patents-in-Suit given the lack of evidence that Ecolab practices the claimed methods. (Id. at 5–6.) Finally, Defendant reiterates the arguments regarding "copying" that it raised in its second Motion in Limine. (Id. at 6.)

Plaintiffs, in response, again argue that it is within the province of the jury to resolve factual disputes about the nexus between the claimed invention and secondary considerations of nonobviousness. (Pls.' Mem. in Opp. to Def.'s Mot. in Limine (No. 3) to Exclude Any Evid., Argument, or Expert Testimony Regarding Any Secondary Considerations of Non-obviousness [Doc. No. 347] at 1.) Plaintiffs assert that "[t]he novel aspect of the claimed invention is the systematic approach to monitoring and improving cleaning through the use of a fluorescent indicator," as described in the "providing a cleanliness result" limitation found in each asserted claim. (Id. at 2–3.) Plaintiffs argue that the Patents-in-Suit need not claim "limiting the incidence of HAIs" because that is the problem meant to be solved and that, although that advantage of the invention may be considered when evaluating nonobviousness, it need not be stated in the patent claims. (Id. at 3–4.) According to Plaintiffs, the evidence that they have put forth regarding the various secondary considerations are tied to this systematic approach and should be considered by the jury. (Id. at 2–5.)

The Court agrees with Plaintiffs. As discussed above, evaluation of evidence of secondary considerations of nonobviousness is a matter for the jury. See Pro-Mold & Tool Co., 75 F.3d at 1574. And evidence of, for example, commercial success based on the

16

patented invention's ability to reduce the incidence of HAIs may be considered even though

that advantage is not stated in the claims of the Patents-in-Suit.  As the Federal Circuit made

clear:

> [A]dvantages or "sales pitch features" . . . do not properly belong in claims,
> the sole function of which is to point out distinctly the process, machine,
> manufacture, or composition of matter which is patented, 35 U.S.C. § 101,
> 112, not its advantages.  It is entirely proper, nevertheless, in evaluating
> nonobviousness, for a court to take into account advantages directly flowing
> from the invention patented.  After all, those advantages are the foundation of
> that "commercial success" which may be evidence of nonobviousness.

Preemption Devices, Inc. v. Minn. Mining & Mfg. Co., 732 F.2d 903, 907 (Fed. Cir. 1984).

Moreover, to the extent that Defendant's concerns are based on its argument that Ecolab

does not practice the Patents-in-Suit, that, too, is a question for the jury to resolve.  See

Transocean Offshore Deepwater Drilling, Inc., 699 F.3d at 1350.  For these reasons, this

Motion is denied.

### 4.    Motion to exclude untimely disclosed trial witnesses

In its fourth Motion in Limine, Defendant seeks to exclude two witnesses identified

on Plaintiffs' trial witness list, Martha Goldberg Aronson and Peter Dankwerth, from

testifying at trial.  (Mem. of Law in Supp. of Def.'s Motion in Limine (No. 4) to Exclude

Untimely Disclosed Trial Witnesses [Doc. No. 312] at 3–4.)  Defendant argues that

Plaintiffs' disclosure of these witnesses in September 2014 as individuals who had taken

over the roles of certain witnesses listed in Plaintiffs' initial disclosures was untimely

because the disclosure was made four months after the close of fact discovery.  (Id. at 1–4.)

Therefore, Defendant contends, allowing their testimony would be prejudicial because

Defendant did not have the opportunity to conduct discovery related to those individuals.

(Id. at 4–5.)  Defendant further argues that testimony by these witnesses would be cumulative because there are other witnesses on Plaintiffs' trial witness list that could testify as to the same topics.  (Id. at 5.)

In response, Plaintiffs state that Ms. Aronson and Mr. Dankwerth have knowledge of the same information as the individuals who formerly held their positions within Ecolab and who were listed in Plaintiffs' initial disclosures.  (Pls.' Mem. in Opp. to Def.'s Mot. in Limine (No. 4) to Exclude Untimely Disclosed Trial Witnesses [Doc. No. 349] at 1–3.) Plaintiffs argue that, in the eight months since these replacement witnesses were disclosed, Defendant made no attempt to take their depositions and, in fact, has not attempted to take the individual deposition of any Ecolab employees in this case.  (Id. at 3.)  Accordingly, Plaintiffs assert, Defendant's claim of prejudice lacks merit.  (Id. at 3–4.)

The Court declines to exclude Ms. Aronson and Mr. Dankwerth as trial witnesses. Although Plaintiffs disclosed these witnesses after the close of fact discovery, the fact that Defendant did not seek supplemental discovery regarding those witnesses in the intervening eight months belies Defendant's argument that it is prejudiced by not being able to conduct such discovery.  Nevertheless, in order to cure any potential prejudice, the Court at the pre-trial conference ordered Plaintiffs to make Ms. Aronson and Mr. Dankwerth each available for a four-hour deposition prior to trial.  This Motion is denied.

### 5.    Motion to exclude evidence that Defendant's damages expert's opinions have been excluded in other cases

In its fifth Motion in Limine, Defendant seeks to exclude, pursuant to Rule 403, evidence or argument that the opinions of its damages expert, John C. Jarosz, have been

excluded in other cases.  (Mem. in Supp. of Def.'s Mot. in Limine (No. 5) to Exclude Evid.

That Its Damages Expert's Opinions Have Been Excluded in Other Cases [Doc. No. 317] at

1.)  Defendant argues that the probative value of such evidence would be substantially

outweighed by unfair prejudice and would confuse or mislead the jury.  (Id. at 1–2.)

Plaintiffs, on the other hand, argue that evidence of previous exclusions is relevant to an

expert's qualifications and reliability and that the probative value of that evidence

outweighs the potential for unfair prejudice, confusion, or misleading the jury.  (Pls.' Mem.

in Opp. to Def.'s Mot. in Limine (No. 5) to Exclude Evid. That Its Damages Expert's

Opinions Have Been Excluded in Other Cases [Doc. No. 351] at 1.)  Although they point to

three prior cases in which at least part of Mr. Jarosz's opinion was excluded, Plaintiffs

describe the reason for the exclusion in only one of those cases—i.e., that "it was untethered

from the data he reviewed."  (Id. at 2.)

     The Court agrees with Defendant.  Plaintiffs have not demonstrated that the issues in

the prior cases are the same as the issues in the present case or that the methodology Mr.

Jarosz employed in the prior cases is the same as that employed in this case.  Accordingly,

permitting Plaintiffs to introduce evidence of the exclusions would result in a side trial that

would cause delay and confusion that would outweigh any probative value of the evidence.

See Estate of Thompson v. Kawasaki Heavy Indus., Ltd., 933 F. Supp. 2d 1111, 1152 (N.D.

Iowa 2013) ("[A]llowing such evidence would, inevitably, result in delay, while the parties

conduct a 'mini-trial' over the issues on which a party in a previous case sought to qualify

Mr. Ezra as an expert, the extent to which he was offered as an expert on the same or

different issues in this case and the previous case, any differences in his methodology or

reasoning between this case and the previous case, and the precise scope and rationale for the previous court's exclusion.")  Instead, Plaintiffs may challenge Mr. Jarosz's analysis and conclusions in this case on cross-examination and, in that manner, the jury will be able to assess the credibility and reliability of his opinion.  For these reasons, this Motion is granted.

> **6.      Motion to exclude evidence comparing Defendant's damages expert's royalty calculation to amounts paid to opinion counsel, experts, or in this litigation**

In its sixth Motion in Limine, Defendant seeks to exclude as irrelevant evidence or argument that the royalty calculation of its damages expert is too low based on a comparison to:  (a) the amount that Defendant's damages expert was paid for his work in this case; (b) the amount that Defendant paid to outside opinion counsel to opine on non-infringement by Defendant; (c) the amount of attorney's fees incurred by the parties in this litigation; or (d) any non-<u>Georgia-Pacific</u> factor.  (Mem. of Law in Supp. of Def.'s Mot. in Limine (No. 6) to Exclude Evid. Comparing Def.'s Damages Expert's Royalty Calculation to Amounts Paid to Opinion Counsel, Experts or in This Litig. [Doc. No. 323] at 1.)  Defendant argues that these considerations are of no relevance to the amount of damages Plaintiffs claim, but rather the only factors of importance when calculating a reasonable royalty are the fifteen considerations enumerated in <u>Georgia-Pacific Corp. v. United States Plywood Corp.</u>, 318 F. Supp. 1120 (S.D.N.Y. 1970).  (<u>Id.</u> at 1–2.)  According to Defendant, none of those factors encompass amounts paid to experts, opinion counsel, or outside counsel.  (<u>Id.</u> at 3.)

In opposition, Plaintiffs argue that the amounts of money Defendant was willing to pay its expert witness and its counsel are relevant to the value that Defendant attaches to the subject matter of the Patents-in-Suit and its VeriClean System and, thus, are relevant to the calculation of a reasonable royalty.  (Pls.' Mem. in Opp. to Def.'s Mot. in Limine (No. 6) to Exclude Evid. Comparing Def.'s Damages Expert's Royalty Calculation to Amounts Paid to Opinion Counsel, Experts, or in This Litig. [Doc. No. 352] at 1.)  In particular, Plaintiffs assert that this information is relevant to Georgia-Pacific factor fifteen, (id. at 3), which states:

> The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

Georgia-Pacific, 318 F. Supp. at 1120.

The Court finds that the challenged evidence is relevant to the value the alleged infringer places on the ability "to obtain a license to manufacture and sell a particular article embodying the patented invention," as stated in Georgia-Pacific factor fifteen.  Therefore, just as the Court in its Daubert Order determined—as Defendant argued—that post-hypothetical negotiation information such as the profitability of the accused device and the extent of the alleged infringer's sales of the accused product are relevant to the calculation of a reasonable royalty and may be presented to the jury, (see Mem. Op. and Order dated Apr. 28, 2015 [Doc. No. 278] at 25–28), the Court finds here that post-

hypothetical negotiation information regarding the amount of money spent to investigate

and defend the ability to continue to market the accused product without obtaining a license

is relevant to the calculation of a reasonable royalty and may be presented to the jury.

Accordingly, this Motion is denied.

## III.  ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED THAT:**

1.  Plaintiffs' Motion to Preclude Defendant From Introducing Evidence, Testimony, or Argument Relating to the Ex Parte Reexamination of U.S. Patent No. 7,785,109 [Doc. No. 248] is **DENIED AS MOOT**;

2.  Plaintiffs' Motion to Preclude Defendant From Introducing Evidence, Testimony, or Argument Comparing the Accused Product to Preferred Embodiments or Commercial Embodiments [Doc. No. 255] is **DEFERRED**;

3.  Plaintiffs' Motion to Preclude Defendant From Introducing Evidence, Testimony, or Argument Relating to the Prosecution Histories of the Patents in Suit [Doc. No. 263] is **DEFERRED**;

4.  Plaintiffs' Motion to Preclude Defendant From Introducing Evidence, Testimony, or Argument Relating to Prior Art That Was Not Disclosed as a Basis for Defendant's Invalidity Contentions [Doc. No. 268] is **DEFERRED**;

5.  Plaintiffs' Motion to Preclude Defendant From Introducing Evidence, Testimony, or Argument Relating to Noninfringing Substitutes Only Available Outside the U.S. [Doc. No. 279] is **DENIED AS MOOT**;

6.  Plaintiffs' Motion to Preclude Defendant From Introducing Evidence, Testimony, or Argument Relating to Defendant's Own Patents or Patent Applications [Doc. No. 289] is **DENIED AS MOOT**;

7.  Plaintiffs' Motion to Preclude Defendant From Re-arguing Claim Construction to the Jury [Doc. No. 297] is **GRANTED IN PART AND DENIED IN PART**;

8.  Plaintiffs' Motion to Preclude Defendant From Introducing at Trial the Deposition Testimony of Mr. Warren P. Heim [Doc. No. 303] is **DENIED AS MOOT**;

9.  Defendant's Motion in Limine to Exclude Any Evidence, Argument, or Expert Testimony That Ecolab's EnCompass System Practices or is Covered by the Asserted Patents [Doc. No. 249] is **DENIED**;

10. Defendant's Motion in Limine to Exclude Any Evidence, Argument, or Expert Testimony that Defendant Copied Ecolab's EnCompass (DAZO) System, Ecolab's Promotional Materials, or the Patents-in-Suit [Doc. No. 274] is **DENIED**;

11. Defendant's Motion in Limine to Exclude Plaintiffs From Offering Any Evidence, Argument, or Expert Testimony Regarding Any Secondary Considerations of Non-obviousness [Doc. No. 288] is **DENIED**;

12. Defendant's Motion in Limine to Exclude Untimely Disclosed Trial Witnesses [Doc. No. 310] is **DENIED**;

13. Defendant's Motion in Limine to Exclude Evidence That Its Damages Expert's Opinions Have Been Excluded in Other Cases [Doc. No. 313] is **GRANTED**; and

14. Defendant's Motion in Limine to Exclude Evidence Comparing Defendant's Damages Expert's Royalty Calculation to Amounts Paid to Opinion Counsel, Experts, or in This Litigation [Doc. No. 321] is **DENIED**.


Dated:  May 15, 2015                          s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge